**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CODRIN NICOLAU**                                                                 **PETITIONER**

**v.**                                                          **CIVIL ACTION NO.: 3:23-cv-3060-KHJ-MTP**

**WARDEN BAYSORE, FCI YAZOO**                                            **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by Codrin Nicolau and Respondent Warden Baysore's Motion to Dismiss for Mootness [8]. Having considered the petition, the record, and applicable law, the undersigned recommends that Respondent's Motion to Dismiss [8] be GRANTED and that the Petition [1] be DISMISSED as moot.

### BACKGROUND

At the time Petitioner filed his Petition [1], he was housed at the Federal Correctional Complex in Yazoo City, Mississippi, serving a federal sentence in the custody of the United States Bureau of Prisons ("BOP"). In his Petition [1], Petitioner argues that he has earned First Step Act ("FSA") time credits,[1] which the BOP has not applied to his sentence. *See* [1] at 6-7. Petitioner seeks an immediate release from custody.

On April 8, 2024, Respondent filed a Motion to Dismiss for Mootness [8]. Respondent asserts that after the Petition [1] was filed, the BOP determined that Petitioner was eligible to

---

[1] The First Step Act provides, among other things, for a system allowing eligible prisoners to earn sentence time credits toward time in pre-release custody or supervised release for successfully completing recidivism reduction programming or productive activities. *See* 18 U.S.C. § 3632.

receive additional credits toward the service of his federal sentence.  Those credits were applied, and Petitioner was released from BOP custody "via a First Step Act release" and transferred to Immigration and Customs Enforcement ("ICE") custody on February 12, 2024, on a pre-existing federal detainer.  *See* Declaration of Amy Landers [8-2] at 1.

Respondent argues that the Petition [1] must be dismissed as moot since Petitioner received the FSA credits that he was entitled to and is no longer in the custody of the BOP. Petitioner filed no response to Respondent's Motion to Dismiss [8].

## ANALYSIS

An action is rendered moot "when the court cannot grant the relief requested by the moving party."  *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding that the "main thrust" of the petition was to be released from prison and because the petitioner was released "this court can no longer provide him with that relief")).  The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exists at all stages of federal court proceedings.  *See Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020)).  A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents."  *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005).

Here, Petitioner challenges the BOP's failure to properly calculate and apply his FSA time credits to his sentence.  Since filing the Petition [1], the BOP applied 132 days of FSA time credits to Petitioner's sentence, and Petitioner was released from BOP custody.  *See* [8-1]. Accordingly, the Petition [1] no longer presents a live case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution.  *See Aldaco v. Nash*, 693 F.

App'x 336, 337 (5th Cir. 2017) (holding that a § 2241 petition seeking immediate release

because the BOP failed to properly credit petitioner's sentence was mooted by his release);

*Longgrear v. Myers*, 2023 WL 4357219, at *2 (W.D. La. June 8, 2023) (same); *Gomez v.

Martinez*, 2023 WL 2997854, at *1 (W.D. La. Mar. 22, 2023) (holding that a petitioner's release

from BOP custody and into ICE custody renders the § 2241 petition moot); *Inniss v. Hemingway*,

657 F. Supp. 3d 986, 989 (E.D. Mich. 2023) (holding that "because the BOP awarded Petitioner

the FSA credits that are the subject of this habeas petition and because he was released from his

criminal sentence, his Petition will be dismissed as moot.").

Because the only relief that Petitioner sought was immediate release from BOP custody,

the Petition [1] should be dismissed as moot.[2]  *See Levario v. Underwood*, 2021 WL 1670835, at

*2 (N.D. Tex. Mar. 29, 2021) ("A challenge to the imposition and duration of confinement rather

than the validity of a conviction becomes moot when the petitioner is released from custody.").

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Respondent's Motion

to Dismiss [8] be GRANTED and that the Petition [1] be DISMISSED as moot.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days

after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing

---

[2] A habeas petition is not moot if a released prisoner challenges his conviction which carries collateral consequences even after release.  *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *Lane v. Williams*, 455 U.S. 624, 632 (1982).  Here, Petitioner has not challenged his conviction.  Instead, he sought immediate release from custody by alleging that the BOP erred in calculating and applying his earned-time credits.  Since he was released, this Court can no longer provide Petitioner with that relief.  *Green v. Maiorana*, 599 F. App'x 557, 558 (5th Cir. 2016).

party.  L.U. Civ. R. 72(a)(3).  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 3rd day of June, 2024.

s/Michael T. Parker
United States Magistrate Judge